<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 12, 2021

Timothy M. Donohue, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Avenue
West Orange, NJ 07052
*Counsel for Defendant*

Sean M. Sherman, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

  **Re:** *United States v. Jaron Corbett*
     **Criminal Action No. 19-48 (SDW)**

Counsel:

  Before this Court are Defendant Jaron Corbett's ("Defendant") Motions for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 27, 29.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motions.

**<u>DISCUSSION</u>**

A.

  Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

  (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon
  motion of the defendant after the defendant has fully exhausted all administrative

> rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). Accordingly, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons (BOP)] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On November 20, 2019, Defendant pleaded guilty to a one-count Superseding Information charging him with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (D.E. 21; *see* D.E. 23.) On March 6, 2020, this Court sentenced Defendant to 60 months of imprisonment. (D.E. 26.) On May 13, 2020, while incarcerated at the Metropolitan Detention Center in Brooklyn, New York, Defendant requested that the BOP grant him compassionate release to home confinement, citing his family's hardship and need for his assistance. (*See* Govt. Ex. B; *see also* D.E. 30 at 2.) The BOP denied Defendant's request, citing the lack of evidence of his claim and his lack of terminal or debilitating medical conditions. (*See* Govt. Ex. C; *see also* D.E. 30 at 2.) On June 9, 2020, Defendant moved *pro se* in this Court for a reduction of sentence, and this Court appointed him with counsel. (D.E. 27, 28.)

Defendant was subsequently moved to McKean Federal Correctional Institution ("McKean FCI") in Pennsylvania, where he is currently serving his sentence. (*See* D.E. 30 at 2.) On or about December 28, 2020, Defendant filed a renewed application to the BOP for compassionate release,

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

which the BOP denied on January 13, 2021, for lack of a qualifying medical condition.  (*See* Govt. Exs. D, E; *see also* D.E. 30 at 2.)  Also sometime in January, Defendant tested positive for COVID-19 and recovered without complications.  (*See* D.E. 29-1 at 2; D.E. 30 at 3; Govt. Ex. F.)  On January 25, 2021, Defendant's counsel filed a motion for compassionate release under the FSA, which the Government opposed on March 3, 2021.  (D.E. 29, 30.)

C.

Defendant is thirty-one years old and contends that complications from his past gunshot wound and his recent COVID-19 diagnosis establish compelling and extraordinary reasons justifying his release.  (*See* D.E. 29-1 at 5–6.)  Although this Court is sympathetic to Defendant's concerns for his health, these conditions alone do not amount to compelling reasons to justify early release.  Notably, the Centers for Disease Control and Prevention ("CDC") do not include complications from gunshot wounds, or physical trauma in general, on their list of underlying medical conditions that increase the risk of severe illness from COVID-19.  *See* CDC, *People with Certain Medical Conditions* (last updated Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Nor has Defendant shown that complications from his gunshot wound have substantially diminished his ability to provide self-care, even when combined with the realities of COVID-19.

Multiple courts in this district have denied compassionate release to inmates suffering from gunshot injuries and/or other medical conditions that the CDC does not associate with increased risk for severe illness from COVID-19.  *See, e.g.*, *United States v. Grier*, Crim. No. 18-652, 2021 WL 791842, at *4 (D.N.J. Feb. 26, 2021) (noting that defendant's pain from a past gunshot wound, even when combined with other health issues, did not present an extraordinary and compelling reason for release); *United States v. Mata*, Crim No. 15-153, 2020 WL 6580768, at *2, *4 (D.N.J. Nov. 9, 2020) (denying defendant's motion for compassionate release where defendant suffered from conditions not included in the CDC's list); *United States v. Hynes*, Crim. No. 18-222, 2020 WL 6060984, at *1, *4 (D.N.J. Oct. 14, 2020) (denying motion for compassionate release where defendant suffered from "ongoing pain, vomiting and gastrointestinal problems stemming from a gunshot injury" and other health issues); *United States v. Henries*, Crim. No. 00-788, 2020 WL 4727090, at *2–3 (D.N.J. Aug. 14, 2020) (noting that defendant's hepatitis B diagnosis did not constitute an extraordinary and compelling reason for early release as the CDC's list did not include hepatitis B).

Furthermore, Defendant has already been infected with and recovered from COVID-19 without suffering serious illness.  (*See* D.E. 30 at 3.)  Courts in this district have roundly denied compassionate release to inmates who have contracted and subsequently recovered from COVID-19 without serious illness.  *See, e.g.*, *United States v. Reed*, Crim. No. 13-787-03, 2021 WL 631921, at *2–3 (D.N.J. Feb. 18, 2021) (denying motion for compassionate release where defendant "ha[d] already been infected with and recovered from COVID-19 without suffering severe illness"); *United States v. Bell*, Crim. No. 15-603, 2021 WL 303009, at *2–3 (D.N.J. Jan 29, 2021) (holding that defendant's fear of reinfection "d[id] not constitute extraordinary and compelling reasons warranting a grant of compassionate release"); *United States v. Warner*, Crim. No. 13-782, 2021 WL 71588, at *3–4 (D.N.J. Jan. 8, 2021) (denying motion for compassionate release where defendant did not show symptoms while infected with COVID-19 even though defendant's medical conditions could have otherwise presented an "extraordinary and compelling" reason).

Even if this Court were to find that Defendant's health conditions constituted an extraordinary and compelling reason for release, it would still deny his motions because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. *See, e.g.*, *Hynes*, 2020 WL 6060984, at *3–4 (finding that, while defendant's health conditions presented an extraordinary and compelling reason for release, the sentencing factors weighed against compassionate release). This Court must ensure that, should Defendant's sentence be reduced, the reduced sentence still "reflect[s] the seriousness of the offense" and "promote[s] respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). Here, Defendant unlawfully possessed a firearm, and officers observed him pointing it at two individuals. (*See* D.E. 30 at 6.) Defendant also has a substantial criminal history, including a prior robbery. (*See id.*); *see also* 18 U.S.C. § 3553(a)(1)–(2). Furthermore, Defendant's current 60-month sentence is on the lower side of the Sentencing Guidelines range of 57 to 71 months' imprisonment for his offense and below the stipulated sentence of 70 months' imprisonment that Defendant agreed was reasonable when he pleaded guilty. (*See* D.E. 30 at 6.) A reduction in Defendant's sentence would therefore create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). This Court will therefore deny Defendant's motions.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motions for Compassionate Release are **DENIED**. An appropriate order follows.

       /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

4